**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CASEY ATES, | : | CIVIL ACTION NO. |
| GDC ID # 527461, | : | 1:16-CV-04500-TWT-JCF |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| SURETY COMPANY, | : | PRISONER MANDAMUS |
|     Defendant. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, currently confined at Phillips State Prison in Buford, Georgia, has submitted this *pro se* civil action, seeking relief from "the five members of the parole board [and] one parole officer," although he has named "Surety Company" as the sole Defendant. (Doc. 1 at 1).

A prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* ("IFP") "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has at least three prior dismissals for failure to state a claim. *See Ates v. Deal*, 1:16-CV-2696-TWT (N.D. Ga. Aug. 29, 2016), Doc.

2 (listing three such dismissals).  And Plaintiff has alleged no circumstance that might entitle him to the imminent danger exception.  (*See* Doc. 1 at 1 (seeking "int[e]rest from 8-11-2010 when the parole board members breach[ed] the surety contract to take away the liberty of [the] aggrieved party in violation of contract, of surety")).

"Advance payment of fees is required before the clerk will file any civil action, suit, or proceeding."  LR 3.2.A., NDGa.  Because Plaintiff may not proceed IFP in this civil action, he was required to pay his filing fee at the time he submitted his complaint.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting "that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit").  Plaintiff has not done so.

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 8th day of December, 2016.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

2